UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re:                              )
                                    )
FRANCES E. HAYLOCK,                 )   Civil Action No. 08-325 (RJL)
                                    )
         Debtor.                    )

## MEMORANDUM ORDER
(March 3/, 2009)

This matter is before the Court on appeal from a ruling by the United States Bankruptcy Court for the District of Columbia imposing sanctions.[1] On May 3, 2007, attorney John D. Burns ("debtor's counsel") filed a Chapter 13 voluntary petition for relief on behalf of Frances E. Haylock ("debtor"). On June 14, 2007, the Bankruptcy Court dismissed the petition due to debtor's failure to comply with the credit counseling requirement set forth in 11 U.S.C. § 109(h).[2] The Bankruptcy Court thereafter imposed sanctions on debtor's counsel pursuant to Federal Rule of Bankruptcy Procedure 9011(b) for filing the petition

---

[1] This Court has jurisdiction to review Bankruptcy Court orders under 28 U.S.C. § 158(a)(1). "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

[2] 11 U.S.C. § 109(h)(1) provides that an individual may not be a debtor unless such individual has received credit counseling from an approved nonprofit budget and credit counseling agency within 180 days prior to filing a bankruptcy petition. The credit counseling requirement can be waived by the bankruptcy court upon determination that exigent circumstances exist and the debtor sought counseling from an approved agency but was unable to obtain counseling during the five-day period beginning on the date the debtor made the request. 11 U.S.C. § 109(h)(3)(A). In this case, the Bankruptcy Court found that the debtor never made a request for counseling from an approved agency.

notwithstanding his knowledge that debtor was ineligible.[3] Debtor's counsel filed the present appeal, arguing that the existence of case law treating § 109(h) as non-jurisdictional precluded sanctions in this case, where he filed the petition in good faith. Because I find that the Bankruptcy Court did not base its award of sanctions on either "an erroneous view of the law or a clearly erroneous assessment of the facts," nor otherwise abuse its discretion, *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990), it is hereby

**ORDERED** that debtor's counsel's appeal from the Bankruptcy Court's order imposing sanctions is DENIED.

**SO ORDERED.**

                                                                                      /s/
                                                                        RICHARD J. LEON
                                                                        United States District Judge

---

[3] Federal Rule of Bankruptcy Procedure 9011(b) provides in pertinent part:

(b) Representations to the court.
By presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
. . .
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

The Bankruptcy Court imposed sanctions in the amount of $2,000 in fees and expenses incurred by the George Basilika Trust, a secured creditor of debtor, as a result of the improper filing of the petition.

2